## UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA
## DAVENPORT DIVISION

LOLA M. PEA,                              )        CIVIL NO.  3:06-CV-33-CRW-TJS
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )
                                          )        **REPORT AND RECOMMENDATION**
ZLB BEHRING d/b/a AVENTIS BIO-            )
SERVICE and CSL LTD.,                     )
                                          )
            Defendants.                   )


On October 31, 2007 (Clerk's No. 48), United States District Judge Charles R. Wolle

referred this case to the undersigned magistrate judge for the filing a Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B), regarding defendants' Renewed Motion for Sanctions and

Dismissal (Clerk's No. 47), filed October 30, 2007.

On November 21, 2007 (Clerk's No. 50), the Court set a hearing for purposes of

preparing a report and recommendation as to the renewed motion for November 29, 2007.

Subsequent to the order scheduling a hearing on the renewed motion, Brenda Drew-

Peeples entered her appearance on behalf of plaintiff (Clerk's No. 53) on November 28, 2007, and

on November 29, 2007 (Clerk's No. 54), in advance of the hearing ordered by the Court, plaintiff's

original lead attorney, B. Douglas Stephens, filed a Motion for Additional Time to Pay Monetary

Sanction.  That motion is dealt with in a separate order.

At the hearing on November 29, 2007, plaintiff's attorney, B. Douglas Stephens,

appeared in person.   Her new counsel, Brenda Drew-Peeples, was not present.   Counsel for

defendants appeared by telephone, pursuant to order of the Court (Clerk's No. 52).   During that

hearing, counsel for defendants raised the issue, as set forth in their notice filed November 19, 2007,

Clerk's No. 49, of plaintiff's failure to file a responsive brief in opposition to defendants' Renewed Motion for Sanctions and Dismissal.   The existence of plaintiff's attorney's motion for additional time to pay a portion of sanctions was also discussed.

During the hearing, the Court asked plaintiff's counsel why no resistance had been filed to defendants' Renewed Motion for Sanctions, and why Ms. Drew-Peeples was not present, even though she had entered an appearance the previous day.   Plaintiff's counsel could not provide any answer to either question posed by the Court.

At that point, the undersigned magistrate judge ordered the hearing continued until 2:00 p.m. on December 10, 2007, at the United States Courthouse, Davenport, Iowa.   Plaintiff was ordered to be present in person at that time, as was all counsel who had entered appearances for plaintiff.   The Court continued its order permitting counsel for defendants to appear telephonically.

On December 10, 2007, Plaintiff Lola M. Pea appeared in person, and with her attorneys of record, B. Douglas Stephens and Brenda Drew-Peeples.   At that time, plaintiff still had not filed any resistance to defendants' Renewed Motion for Sanctions and Dismissal.   However, one of plaintiff's attorneys, B. Douglas Stephens, did make limited argument regarding the conduct of the case subsequent to the Court's order of September 24, 2007 (Clerk's No. 43), in which it granted defendants' motion for sanctions, and denied their motion for dismissal.   In essence, plaintiff's position was that some discovery had taken place in the interim between the filing of that order and the hearing on December 10, 2007, and plaintiff and her counsel had attempted to cooperate with defendants, including the scheduling and taking of plaintiff's deposition.   However, there was no explanation as to why no resistance had been filed to the Renewed Motion for Sanctions and Dismissal.

In addition, plaintiff's counsel pointed out that he had paid one-half of the Court's ordered sanctions of $2,500, as directed in the Court's September 24, 2007 order, and was seeking a limited extension of time in which to pay the remaining one-half of those sanctions.

Some history as to this case is appropriate at this point.

This case was removed to this Court on April 3, 2006 (Clerk's No. 1) after being filed in the Iowa District Court for Scott County on February 20, 2006.   In her removed petition (complaint), plaintiff alleged an intentional and illegal discrimination based on her race, age and sex by defendants, where she had been employed since September 7, 2000, until she was allegedly constructively discharged by defendants.

Defendants timely answered plaintiff's Complaint.   On July 6, 2006 (Clerk's No. 5), the Court adopted the parties' Proposed Scheduling Order and Discovery Plan, closing discovery on April 1, 2007, and noting that the trial ready deadline was July 30, 2007.   Consistent with that order, Judge Wolle on July 6, 2006 (Clerk's No. 6), by Text Order, set the bench trial for November 26, 2007, with a final pretrial conference scheduled for November 12, 2007.

On October 9, 2006 (Clerk's No. 7), defendants filed a Motion to Exclude Evidence of Damages, Witnesses and Documents Not Properly Identified or, in the alternative, asking the Court to compel plaintiff to answer Interrogatories, respond to Requests for Production of Documents and to serve initial disclosures as required by Fed. R. Civ. P. 26.

On November 15, 2006 (Clerk's No. 10), the undersigned magistrate judge filed an order granting defendants' motion Pursuant to L.R. 7.1(f), because plaintiff had not timely resisted that motion.   Instead of excluding evidence and witnesses and awarding sanctions as sought by defendants, the Court ordered plaintiff to serve initial disclosures and answer Interrogatories,

respond to Requests for Production of Documents, and provide an executed medical authorization, all by November 27, 2006.

On November 27, 2006, plaintiff filed a Motion for Additional Time to Respond to Discovery (Clerk's No. 11), seeking until December 1, 2006 in which to comply with the Court's order. That motion was granted, and plaintiff was given until December 1, 2006 in which to comply with the order.

In light of the Court's order giving plaintiff additional time to comply with the order to complete discovery and initial disclosures, the Court granted defendants' Motion for Extension to File Expert Witness Lists on December 20, 2006 (Clerk's No. 14), allowing defendants to and including January 31, 2007 to designate expert witnesses. On January 18, 2007 (Clerk's No. 15), defendants filed another motion to enlarge discovery and dispositive motion deadlines because of discovery disputes that had arisen with plaintiff's counsel over what defendants termed to be deficient answers to Interrogatories. In response, the Court extended discovery to and including March 28, 2007, and enlarged the deadline for filing dispositive motions to May 1, 2007 (Clerk's No. 15), noting that plaintiff had not filed a timely response to the motion.

On March 1, 2007, defendants filed two motions: a motion for extension of time to file discovery and dispositive motions (Clerk's No. 17), and a motion to compel discovery (Clerk's No. 18). In those two motions, defendants cited the fact that even after letters and telephone calls to plaintiff's counsel, regarding the scheduling of depositions and supplementation of discovery responses, the requested information had not been forthcoming from plaintiff's counsel. Defendants alleged delay in discovery and trial preparation as a result of plaintiff's actions. In the motion to

compel, defendants asked the Court to order plaintiff to fully respond to both the first set of Interrogatories and the first Request for Production of Documents.

On March 29, 2007 (Clerk's No. 21), the Court granted defendants' Motion to Enlarge Discovery and Dispositive Motion Deadline because, again, plaintiff had filed no timely response.

On March 30, 2007 (Clerk's No. 22), the Court granted defendants' motion to compel (Clerk's No. 18), because, again, plaintiff had failed to file a timely resistance or response to that motion.   Plaintiff was ordered to serve complete responses to Interrogatory Nos. 1, 5, 6, 7, 18, 19 and Requests for Production of Documents No. 11, and to serve her initial disclosures, and to provide legible copies of documents faxed to defendants on December 1, 2006 by April 13, 2007. In addition, the Court ordered plaintiff to show cause why attorney fees and costs should not be imposed as a result of the filing of, and the granting of the motion to compel.

On May 16, 2007 (Clerk's No. 26), the Court entered an order granting another Motion to Enlarge Discovery and Dispositive Motion Deadlines (Clerk's No. 25), filed by defendants because of plaintiff's delay in providing complete discovery responses.   The Court also, in that order, awarded sanctions of $250 upon its previous order to show cause as to why monetary sanctions should not be entered because of plaintiff's failure to complete discovery and comply with Court orders.

Notwithstanding that order further enlarging the deadlines to complete discovery and file dispositive motions by June 29, 2007 and July 31, 2007 respectively, the Court granted an Agreed Motion to Enlarge Discovery and Dispositive Motion Deadlines (Clerk's No. 27) filed June

1, 2007 because of problems encountered in scheduling discovery, and because of personal circumstances affecting one of defendants' counsel.

On August 3, 2007 (Clerk's No. 31), defendants filed their Motion for Sanctions and Dismissal, citing plaintiff's failure to comply with discovery, including her failure to attend her deposition; failure of plaintiff's counsel to return telephone calls, and plaintiff's counsel's failure to advise defendants' counsel that plaintiff would not be attending the deposition as scheduled prior to defendants' counsel traveling a great distance to attend the deposition.

Plaintiff's attorney, B. Douglas Stephens, filed an affidavit on August 17, 2007 (Clerk's No. 35), in resistance to defendants' Motion for Sanctions and Dismissal.   Essentially, plaintiff's position was that there was confusion over the scheduling of depositions because of family illness involving one of defendants' attorneys, and that plaintiff's attorney left on vacation, and upon his return "failed to timely open the "correspondence" he had received from defendants' counsel regarding the deposition.

However, the affidavit of one of defendants' counsel, Brian L. McDermott, and filed on August 3, 2007 (Clerk's No. 32), reveals a different scenario than that as portrayed by plaintiff's counsel in his affidavit.   In particular, the Court focuses on Paragraph 7 of the McDermott affidavit, which states as follows:

> 7.     When plaintiff and her counsel failed to appear for her deposition at 9:30 a.m. on July 11, 2007, counsel for defendant waited approximately 40 minutes before attempting, on the record, to reach plaintiff's counsel at his office.   Plaintiff's counsel's assistant or answering service answered the telephone and told counsel for defendant that plaintiff's counsel was not in the office, but that she expected him to be in the office shortly, as he had a 10:30 appointment. Counsel for defendant told plaintiff's counsel's assistant that he, the court reporter and videographer were waiting for

plaintiff and plaintiff's counsel for her deposition, and asked that plaintiff's counsel contact counsel for defendant via cell phone immediately.    Plaintiff's counsel did not return defendant's counsel's telephone call.   After waiting over five hours, counsel for defendant again attempted to reach plaintiff's counsel by telephone at approximately 3:30 p.m., but his assistant told counsel for defendant that he had already left the office for the day.    As of the time of this filing, counsel for plaintiff has still not returned defendant's counsel's telephone call.

A transcript of Mr. McDermott's telephone calls to plaintiff's counsel's office on July 31, 2007 appears at Exhibit C to defendants' filing (Clerk's No. 32).    Exhibit E to that filing (Clerk's No. 32) contains several letters between defendants' counsel and plaintiff's counsel.   In particular, a letter dated January 16, 2007 deals with defendants' contentions regarding plaintiff's discovery responses that were ordered by this Court.

On August 23, 2007 (Clerk's No. 37), defendants filed their Notice of Plaintiff's Failure to File Response Brief in Opposition to Defendant's Motion for Sanctions and Dismissal.

In response to that filing, the Court scheduled a hearing on Defendant's Motion for Sanctions and Dismissal for September 7, 2007, at the United States Courthouse, Davenport, Iowa. See, Order of August 31, 2007 (Clerk's No. 39).   On September 6, 2007 (Clerk's No. 40), plaintiff filed a Motion for Leave to File Memorandum Instanter, a single-page document, in which plaintiff stated that her failure to appear for her deposition was not her fault, and was due to other circumstances; plaintiff cooperated with scheduling her deposition in May and June of 2007; plaintiff needed three-weeks notice in order to be able to make arrangements to attend the deposition; and that plaintiff's attorney would pay the costs associated with defendants' attendance at the deposition in Davenport in July 2007.

Following the hearing on September 7, 2007, the Court filed an order on September 24, 2007 (Clerk's No. 43), granting in part and denying in part Defendant's Motion for Sanctions and Dismissal.   In that order, the Court recited its prior orders requiring plaintiff to comply with discovery, and orders to show cause.   In particular, the Court noted in that order on Page 4 that:

> Pea's attorney's explanation for the failure of Pea to appear at the deposition on July 31, 2007 were weak at best, and at worst exhibited a total failure by counsel to adequately and diligently represent the interests of his client.   In essence, Pea's attorney argued that he had been on vacation at the time of the notice of deposition must have been received, and for some inexplicable reason, failed to open his mail for a two-week period.

> Plaintiff's attorney's explanations, however, did not touch on why he failed to return telephone calls prior to July 11, 2007, when the deposition was noticed unilaterally.   Also, Pea's attorney failed to give any adequate or credible explanation as to why he did not return phone calls made to him on the day of the deposition, July 31, 2007, even though his office staff, at least, had been made aware of the reason for the telephone calls, and had been made aware of the requests for Pea's attorney to call ZLB's attorney.

> Finally, the Court is gravely concerned regarding an admission made by Pea's attorney at the time of the hearing on September 7, 2007. At that time, Pea's attorney stated that he was "in over his head" in this litigation.   That admission, in the opinion of the undersigned magistrate judge, comes far too late in the course of this litigation to give much comfort to the Court, and it certainly cannot give much comfort to the plaintiff.

In refusing to recommend dismissal of this case in the Court's September 24, 2007 order, the undersigned magistrate judge was attempting to balance the equities, noting that it was "abundantly clear that Pea is an innocent victim here, and is not receiving either adequate or competent representation by her attorney."

While not recommending dismissal of the case at that time, the undersigned magistrate judge did order plaintiff's attorney to pay Defendant ZLB the sum of $2,500 within 30

days of the date of the order; Pea's attorney was also ordered to immediately associate co-counsel in the case, requiring that that co-counsel be "admitted in this Court, and who is ready, able and available to undertake representation of Pea;" and that appearance by the associate counsel be made within 30 days of the date of the September 24, 2007 order.

The Court also warned plaintiff and her attorney that the failure to comply with any terms of the September 24, 2007 order "shall result in the issuance of an order to show cause why further sanctions should not be granted, and the possibility of an order to show cause why contempt should not be entered for failure to comply with the terms of this order."

Subsequent to the Court's September 24, 2007 order, defendants filed another Motion for Extension of Time for Scheduling Order and Rule 16 Deadlines, and which motion was granted on October 30, 2007 (Clerk's No. 45), because of the continued problems with this case.   The same day, the Court (Clerk's No. 46) rescheduled trial and final pretrial conference.   Again, these changes were made because of the ongoing issues with discovery in this case.

That same day, October 30, 2007, defendants filed their Renewed Motion for Sanctions and Dismissal (Clerk's No. 47).

It should be noted that Brenda Drew-Peeples' appearance on behalf of plaintiff was filed November 28, 2007, more than two months after the Court's order requiring plaintiff's counsel to associate co-counsel with him in the case, and which order required such appearance within 30 days of that order.   The undersigned magistrate judge does not fault Ms. Drew-Peeples for the timing of the filing of that appearance, since based on the record it would appear that she was not made aware of the 30-day limit for filing such an appearance.   However, the Court must note its disappointment in the fact that while Ms. Drew-Peeples did appear at the hearing on December 10,

2007 as ordered, she offered no arguments on behalf of Ms. Pea, and made no suggestions as to how this case should move forward, or why the defendants' Renewed Motion for Sanctions and Dismissal should not be granted.

Fed. R. Civ. P. 37(b) provides in pertinent part as follows:

(b) **Failure to Comply With a Court Order.**

\*\*\*

(2) Sanctions in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order.   If a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders.   They may include the following:

(i) directing that matters embraced in the order or other other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

\* \* \*

(C) Payment of Expenses.   Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of
expenses unjust.

The Court has previously dealt with plaintiff's failure to attend her deposition as
noticed on July 31, 2007, therefore, the undersigned magistrate judge does not believe that the
provisions of Rule 37(d) are applicable at this juncture in this case. It should be noted also that
apparently plaintiff has now been deposed by defendants' counsel.

A district court's decision to dismiss a complaint under Federal Rule of Civil
Procedure 41(b) is reviewed for an abuse of discretion.   Good Stewardship Christian Center v.
Empire Bank, 341 F.3d 794, 797 (8th Cir. 2003), citing Hunt v. City of Minneapolis, 203 F.3d 524,
527 (8th Cir. 2000).   Recognizing that dismissal with prejudice is an extreme sanction to be used
only in cases of willful disobedience of a court order or where there is a pattern of intentional delay,
the Circuit Court of Appeals gives the district court a large amount of discretion in regulating and
sanctioning this conduct which occurs in proceedings before the district court.  Empire Bank, 341
F.3d at 797; Hunt, 203 F.3d at 527.

Fed. R. Civ. P. 41(b) provides in pertinent part that

**(b) Involuntary Dismissal:  Effect Thereof.**  If the plaintiff fails to
prosecute or to comply with these rules or a court order, a defendant
may move to dismiss the action or any claim against it.   Unless the
dismissal order states otherwise, a dismissal under this subdivision
(b) and any dismissal not under this rule ... operates as an
adjudication on the merits.

An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply
with any order of the court.  Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994); Burgs v. Sissel, 745
F.2d 526, 528 (8th Cir. 1984) (per curiam).

In this case, it is nearly impossible for the Court to determine that plaintiff has ever complied with any of the earlier orders compelling discovery.   This conclusion arises from the fact that plaintiff has, with one exception, never responded or resisted to the motions to dismiss and for sanctions filed and renewed by defendants.   Instead, the Court has been met with virtual silence on behalf of plaintiff as to why discovery has not been completed, why expert witnesses have not been designated on a timely basis, and why sanctions have not been paid timely and completely.

In the context of all of this, the undersigned magistrate judge recognizes that based on the record before it, it can assume that Plaintiff Lola Pea has been virtually held captive to the acts and/or omissions of her counsel.   While there is no doubt that the majority of the problems in this case have arisen through and because of plaintiff's representation by B. Douglas Stephens, as the Court noted above, it was confounded, at the least, by the failure on the part of new co-counsel, Brenda Drew-Peeples, to offer even minimal proposals on behalf of plaintiff during the December 10, 2007 hearing.

Defendants assert, and plaintiff has failed to counter, that she has provided full and complete responses to defendants' discovery requests.   At no time has the Court been provided with any discovery responses, either answers to Interrogatories, or responses to Requests for Production of Documents, by plaintiff, indicating at all the nature and extent of her compliance with either the Court's orders, or the Federal Rules of Civil Procedure governing discovery.   While it does appear that plaintiff finally was made available for a deposition, that fact only partially mitigates the original failure of plaintiff to be present for a duly noticed deposition on July 31, 2007.

The Court looks, however, not only at the failures on the part of plaintiff to comply with orders of this Court and to complete discovery, but also for failure to prosecute this case.

Countless extensions of time for completion of discovery, designation of expert witnesses and filing of dispositive motions have been occasioned because of plaintiff's failure to meet even the most minimum of requirements imposed by both the Federal Rules of Civil Procedure and the local rules of this Court.

In the context of these observations, the undersigned magistrate judge continues to be reminded of plaintiff's counsel's remarks that he is "in over his head" in this litigation.   The actions of B. Douglas Stephens adequately support his own statement against interest made to the Court during the hearing on September 9, 2007.   The addition of co-counsel for plaintiff, as ordered by the Court, has done nothing to advance this case.

While it would be easy at this point to totally sympathize with Plaintiff Lola Pea, and assume that she is totally at the mercy of the actions and representations of her attorney, that observation takes into consideration only a portion of the case.   The other side of that issue is that defendants have, in effect, been held hostage by the acts and omissions of Pea's attorney.   It is not fair to the defendants after all this time to continue to breathe life into a case that is moribund and in disarray.

Based on the record before this magistrate judge, it is recommended that this case be dismissed with prejudice.   While that is the most serious sanction that could be recommended, it is appropriate under the circumstances.   There is no clear signal to this Court that any competent attorneys are willing to undertake representation of Pea, and to move this case forward anytime soon.  This case has been on file in this Court for over 20 months.   Nothing of substance has been accomplished.

The undersigned magistrate judge finds that plaintiff has violated Rule 37(b), as set forth above.   The undersigned magistrate judge believes that dismissal with prejudice pursuant to Rule 41(b) is appropriate.

The parties have to and including January 23, 2008  to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997).  Such extensions will be freely granted.  Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections.  See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357.  Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Respectfully submitted,

Date:   January 2, 2008                        _____

THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE